[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 18, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-12393
Non-Argument Calendar

_____

D. C. Docket No. 06-00072-CR-4-RH-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL RING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(October 18, 2007)**

Before WILSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Daniel Ring appeals his sentence of ten years' imprisonment for knowingly

possessing an unregistered firearm.  After a thorough review of the record, we

conclude the sentence was reasonable and we affirm.

## I.

Ring pleaded guilty to possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d). The presentence investigation report ("PSI") calculated an adjusted offense level of 17, with 25 criminal history points based on 13 prior convictions. Ring also had 21 other convictions for which he received no criminal history points. Given the total amount of points, Ring's criminal history category was VI. The resulting guidelines range was 51 to 63 months' imprisonment; the statutory maximum sentence was 10 years' imprisonment under 26 U.S.C. § 5871.

Ring filed no objections to the PSI, and at sentencing argued that all of his prior convictions were misdemeanors and related to his substance abuse. After considering the arguments, the court sentenced Ring to 10 years' imprisonment, which was the statutory maximum sentence. The court explained that it had applied the sentencing factors in 18 U.S.C. § 3553(a)[1] to reach the sentence imposed, and the court recognized Ring's extensive criminal history. The court

---

[1] The § 3553(a) factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to afford adequate deterrence to criminal conduct; the need to protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(1)-(2), (6).

further noted that Ring's prior convictions had resulted in minor injuries to others.[2]

Ring objected to the sentence as unreasonable and now appeals.

II.

After Booker,[3] we review a defendant's sentence for reasonableness. United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005); United States v. Crawford, 407F.3d 1174, 1179 (11th Cir. 2005). "A sentence may be reviewed for procedural or substantive unreasonableness. A sentence may be unreasonable if it is the product of a procedure that does not follow Booker's requirements, regardless of the actual sentence. Additionally, a sentence may be substantively unreasonable, regardless of the procedure used." United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). Ring bears the burden of showing that his sentence was unreasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

"Although sentencing courts must be guided by [the § 3553(a)] factors, nothing in Booker or elsewhere requires the district court to state on the record that

---

[2] We note that in the written judgment, the court indicated that the sentence imposed was a departure authorized under the guidelines, but that it was appropriate considering the § 3553(a) factors. Where the oral sentence and the written judgment are inconsistent, the oral pronouncement controls. United States v. Portillo, 363 F.3d 1161, 1165 (11th Cir. 2004). We conclude that the oral sentence imposed was a variance using the § 3553(a) factors, and not a departure under the guidelines. See United States v. Irizarry, 458 F.3d 1208, 1211-12 (11th Cir. 2006), petition for cert. filed, (Oct. 26, 2006) (No. 06-7517).

[3] United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors. Rather, an acknowledgment by the district court that he or she has considered the § 3553(a) factors will suffice." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007).

Upon review, we conclude that, although the variance in this case was large - from a maximum of 63 months under the guidelines to the statutory maximum of 120 months - the sentence was reasonable. The court considered the extensive criminal history and the repeated substance abuse. And we note that the number of criminal history points assigned to Ring was more than double the amount necessary to qualify under category VI. See U.S.S.G. Ch. 5, Part A.

These facts show that the extraordinary variance was reasonable, and Ring has not met his burden to show otherwise. Accordingly, we AFFIRM.